**M. W. ZACK METAL COMPANY,**
Libellant,

v.

**THE SS. BIRMINGHAM CITY, her engines, boilers, etc., and Bristol City Line of Steamships, Ltd., Respondents,**
Jarka Corporation, Respondent-
Impleaded.

United States District Court
S. D. New York.
July 2, 1958.

On Reargument July 28, 1958.

Anthony B. Cataldo, New York City, for libellant.

Hill, Betts & Nash, New York City, for respondents.

Garvey & Conway, New York City, for respondent-impleaded.

CASHIN, District Judge.

This is a motion by libellant for an order sustaining objections of libellant to requests for admissions served by respondent.

This is a relatively simple cargo damage case in which the main defense of the respondent ship owner is that any damage to the cargo was sustained after outturn while the cargo was in the process of inland transportation. Despite the relative simplicity of the case it has given rise to extended pre-trial tactical maneuvering by way of discovery proceedings. I do not deem it a wise expenditure of the time of the Court to review the voluminous file on the matter. Suffice to say that proctors would have done well in the past to have heeded the admonition of Judge Bicks in his Memorandum decision of May 26, 1958 to "proceed with dispatch and with the courtesy and gentlemanly demeanor so traditionally characteristic of the Admiralty Bar". Perhaps, Judge Bicks and I are too optimistic, but a repetition of the admonition of Judge Bicks would appear warranted.

Turning to the instant motion, there appears no warrant in the Admiralty rules for the relief requested by the motion. Rule 32B, 28 U.S.C.A., specifically provides that a party upon whom requests for admissions is served may serve upon the requesting party "a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters".

The correct remedy of the libellant herein is to proceed in accordance with the words of the Rule. If respondent refuses to admit the truth of any of the facts requested, and the reasons advanced for the denial are not good, respondent will have its remedy under Rule 32C(c).

The motion is denied and the libellant is ordered to serve the sworn statement provided for in Rule 32B within ten (10) days after the entry of this order.

It is so ordered.

### On Motion for Reargument

This is a motion for reargument of a prior motion by libellant for an order sustaining libellant's objections to requests for admission served by respond-

ent. Rule 9(h) of the General Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that a memorandum shall be served with the notice of motion for reargument "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked".

█ The proctor for libellant, in his notice, cites, apparently as the controlling decision overlooked by the Court, McWilliams Dredging Co. v. United States, D.C.E.D.La.1952, 105 F.Supp. 582. It is doubtful whether there is any necessity for entertaining the motion for reargument for there would seem no authority for holding that a Louisiana District Court case is controlling on the District Court for the Southern District of New York. In addition, it is clear from the original opinion that the point at issue was squarely met. However, in order that there should be no doubt in proctor for libellant's mind as to whether the Court has fully considered this motion, I will entertain the motion for reargument and discuss the merits.

█ The narrow point involved in the motion is whether under the Admiralty Rules any provision is made for objections to requests for admissions served pursuant to Admiralty Rule 32B. The argument of proctor for libellant is that Admiralty Rule 32B is identical with Rule 36 of the Rules of Civil Procedure, 28 U.S.C.A. As authority for this proposition he cites Benedict on Admiralty, Sixth Ed., Vol. 3, § 386c. The statement in Benedict on Admiralty relied upon by proctor for libellant was undoubtedly true at the time of the publication of the Sixth Edition of Benedict on Admiralty in 1940. At that time the wording of Admiralty Rule 32B and Rule 36 of the Rules of Civil Procedure was precisely the same. This, however, has not been the case since the promulgation of the 1946 amendment to the Rules of Civil Procedure. At that time, among other changes, Rule 36 was expanded to provide specifically for written objections to the requested admissions by the party upon whom the request was served. Admiralty Rule 32B has, however, remained unchanged.

Prior to the amendment of 1946 to Rule 36 of the Federal Rules of Civil Procedure the weight of authority held that a request for admissions was not subject to a motion to strike, to vacate, modify or limit or to dismiss. (See 4 Moore's Federal Practice, 2d Ed., § 36.06, footnotes 3, 4 and 5). It is interesting to note that one of the leading cases decided under the old Rule 36 of the Rules of Civil Procedure holding that the Court should entertain a motion of the type herein presented, pointed out that that Court had entertained such motions in the past, admitted that the Rules of Civil Procedure unfortunately omitted any provision for such a motion, and expressed the hope that the new proposed amendment would authorize that type of motion. International Carbonic Engineering Co. v. Natural Carbonic Products, Inc., D.C.S.D.Cal.1944, 57 F.Supp. 248, 253. The McWilliams Dredging Co. v. United States case, supra, cited by libellant in support of the present motion erred in the same manner that proctor for libellant does here, in that it took the statement in Benedict on Admiralty to the effect that Admiralty Rule 32B and Rule 36 of the Federal Rules of Civil Procedure are identical, at face value, without noting that the Civil Rule had, since the publication of Benedict, been expanded. Thus, the McWilliams case is not only not controlling but also in error.

In view of the fact, first, that the weight of authority under the old Rule 36 of the Rules of Civil Procedure held that a motion objecting to requests to admit did not lie, and, second, in view of the fact that Admiralty Rule 32B has not been amended to provide for such a motion, even though twelve years has elapsed since the amendment of the Civil Rule, I hold that there is no procedure for objecting to requests for admissions served pursuant to Admiralty Rule 32B.

The motion for reargument is granted, and upon a reargument the original deci-

sion is adhered to. The libellant must serve the sworn statement provided for in Admiralty Rule 32B within ten days after the entry of this order.

It is so ordered.